IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW CERNO,

    Plaintiff,

v.                                                                                                                                                      No. 23-cv-31-DHU-JHR

FNU LNU,

    Defendant.

**ORDER GRANTING *IN FORMA PAUPERIS* APPLICATION AND DENYING MOTION TO APPOINT COUNSEL**

    This matter is before the Court on Plaintiff Matthew Cerno's Application to Proceed in District Court Without Prepaying Fees or Costs (the "IFP Application"), filed February 16, 2023 (Doc. 6; see Doc. 7 (inmate account statement)), and his Motion to Appoint Counsel, filed March 24, 2023. (Doc. 9). For the reasons that follow, the IFP Application will be granted and the Motion to Appoint Counsel will be denied.

    1.  The IFP Application.

    Plaintiff's financial information reflects he is unable to prepay the $402 filing fee for his prisoner civil rights complaint. The Court will therefore grant Plaintiff leave to proceed *In Forma Pauperis*, which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Based on Plaintiff's inmate account statement, the Court will excuse the initial partial payment. (Doc. 7). Beginning September 1, 2023, and until the $350 filing fee is paid in full, Plaintiff shall be required to make monthly payments of 20 percent of the preceding month's income credited to his account each time the amount in his account exceeds $10.00. *See* 28 U.S.C. §1915(b)(2). Failure to comply with this directive may result in dismissal of this case.

    2.   <u>The Motion to Appoint Counsel</u>.

In an Order to Cure Deficiencies entered February 3, 2023, the Court denied Plaintiff's first motion to appoint counsel on the ground that it was premature. (See Docs. 3, 4). In the present Motion to Appoint Counsel, Plaintiff implies that the Court granted that motion, and he is waiting for his appointed counsel to contact him. To the extent Plaintiff misunderstood the Court's February 3, 2023, Order, he is hereby advised that the Court *did not* request an attorney to represent him in this case. To the extent the Motion to Appoint Counsel renews the request, it shall be denied.

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820, F.3d 390, 397 (10th Cir. 2016). The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year, and only a small number of attorneys available to accept these request, *Rachel*, 820 F.3d at 397, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel will result in fundamental unfairness[.]" *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

In determining whether to request that an attorney take the case, the Court considers factors like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors in the context of the present case, the Court will not request a local attorney to represent Plaintiff on a *pro bono* basis. Plaintiff's Amended complaint (Doc. 5), which is pending review pursuant to 28 U.S.C. § 1915A, does not appear particularly complex and reveals that Plaintiff is sufficiently capable of representing his interests in this matter. The Court will therefore deny the Motion. To the extent Plaintiff's Motion

**IT IS ORDERED** that Plaintiff is excused from making an initial partial payment.

**IT IS FURTHER ORDERED** that beginning September 1, 2023, until the $350 filing fee is paid in full, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his account each time the amount in his account exceeds $10.00.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel **(Doc. 9)** is **DENIED**.

_____
HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE